UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| EVAN JULBER and PATRICIA JULBER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>PREMERA BLUE CROSS, a Washington nonprofit corporation dba LIFEWISE HEALTH PLAN OF OREGON,<br><br>Defendant. | 6:17-cv-00790-AA<br>OPINION AND ORDER |

AIKEN, Judge:

This case arises from a dispute over heath insurance coverage. Plaintiffs, Evan and Patricia Julber, are husband and wife. Defendant is Premera Blue Cross, plaintiffs' health insurance company. Plaintiffs allege defendant denied coverage for Mr. Julber's cancer treatment, in violation of their health insurance policy. Plaintiffs assert claims of breach of contract and breach of the covenant of good faith and fair dealing. Plaintiffs filed suit in Deschutes County Circuit Court, asserting damages of $55,032.38, and reasonable attorneys' fees. Defendant removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. Now plaintiffs move to remand this case to state court.

Page 1 – OPINION AND ORDER

## STANDARDS

There is a strict presumption against removal, and the party seeking removal bears the burden of establishing that jurisdiction is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) and *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)). Even though the removing party has the burden of establishing jurisdiction, a federal court "may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action[.]" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quotation marks and citations omitted).

## DISCUSSION

The initial question presented is whether attorneys' fees are calculated in the "amount in controversy" when removing a lawsuit to federal court under diversity jurisdiction. The answer to this question is yes. The question that follows is whether courts should consider attorneys' fees incurred by the time of removal or potential attorneys' fees. I hold that only attorneys' fees incurred by the time of removal are considered in calculating the amount in controversy.

To answer the first question, I look to both Supreme Court and Ninth Circuit precedent. *Missouri State Life Insurance Company et al. v. Jones*, 290 U.S. 199, 202 (1933), says when a statute authorizes attorneys' fees, they become "part of the matter put in controversy by the complaint, and not mere costs excluded from the reckoning by the jurisdictional and removal statutes" (quotation marks omitted).[1] Since *Missouri State*, the Supreme Court has been silent on

---

[1] The Court mentioned that attorneys' fees are not "mere costs excluded from the reckoning" because the attorneys' fees at issue were authorized by a Missouri statute that treated attorneys' fees as costs. 28 U.S.C. § 1332(a) provides that the amount in controversy in diversity of citizenship cases is "exclusive of interest and costs[.]" But the Court said "the mere declaration of the state statute" that attorneys' fees are costs does "not alter the true nature of the

the issue of whether to consider attorneys' fees when calculating the amount in controversy. In *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998), the Ninth Circuit held "that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."

Here, the Complaint asserts plaintiffs "are entitled to an award of their reasonable attorney fees and costs incurred herein pursuant to O[r. Rev. Stat. §] 742.061." Compl. ¶¶ 14, 19 (doc. 1-1). Or. Rev. Stat. § 742.061, titled "Recovery of attorney fees in action on policy or contractor's bond", is an underlying statute authorizing an award of attorneys' fees. Therefore, attorneys' fees may be included in the amount in controversy. *Galt G/S*, 142 F.3d at 1156.

Next, I must discern whether I should consider only attorneys' fees incurred by the time of removal, as distinct from potential future attorneys' fees, in calculating the amount in controversy. The circuits are currently divided on this question. Seven circuits, including the Ninth Circuit, have yet to decide the issue. *See, e.g., Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016) ("It remains an open question whether attorney's fees that are anticipated but unaccrued at the time of removal or filing in federal court . . . may be included in the amount-in-controversy.").[2]

---

obligation." *Missouri State*, 290 U.S. at 202. In other words, a statute's description of attorneys' fees as "costs" does not exclude attorneys' fees from the amount in controversy under § 1332(a). Here, Or. Rev. Stat. § 742.061, like the statute in *Missouri State*, characterizes attorneys' fees as "costs[.]" This language does not change the analysis, and attorneys' fees authorized by Or. Rev. Stat. § 742.061 are considered part of the amount in controversy.

[2] Like the Ninth Circuit, the First, Second, Sixth, Eighth, Eleventh, and District of Columbia Circuits have not decided whether attorneys' fees incurred by the time of removal, or future attorneys' fees, should be considered as part of the amount in controversy. This issue is irrelevant in the Federal Circuit because it hears no diversity cases.

The Third, Fourth, Fifth, and Tenth Circuits all allow potential attorneys' fees to be calculated as part of the amount in controversy, so long as recovery of fees is authorized by statute or contract.[3] The Tenth Circuit offers the most thorough reasoning regarding the issue. "The Supreme Court has long held that when a statute permits recovery of attorney's fees a *reasonable estimate* may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (emphasis added) (citing *Missouri State*, 290 U.S. at 202). In 1998, when *Miera* was published, the amount in controversy had to exceed $50,000 to establish diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 1339–40. In *Miera*, the prayer for damages without including statutorily permitted attorneys' fees was $41,028.51. *Id.* at 1340. Up to the point of removal, the plaintiff accrued $6,854 of attorneys' fees, for a total of $47,882.51—short of the $50,000 threshold for diversity jurisdiction. But the Court reasoned that plaintiff would surely incur at least $2,117.50 in additional attorneys' fees. Therefore, the Court held that plaintiff satisfied the requirements for diversity jurisdiction. The Court implicitly held that future attorneys' fees could be considered in the amount in controversy.

In contrast, the Seventh Circuit allows only those attorneys' fees (again, so long as fee recovery is authorized by statute or contract) incurred up to the time of removal to be included in the amount in controversy. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 959 (7th Cir. 1998). The Seventh Circuit reasoned that "legal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount 'in controversy' when the suit is filed." *Id.* The court further explained that "the Supreme Court

---

[3] *See, e.g., Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873 (5th Cir. 2002); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

Page 4 – OPINION AND ORDER

held that legal expenses yet to be incurred on the date a suit begins do not create a 'case or controversy' within the meaning of Article III." *Id.* (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("An *interest* in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.") (quotation marks omitted) (ellipsis in original) (emphasis added)). I agree with the Seventh Circuit's rule—that only attorneys' fees incurred by the time of removal should be considered in calculating the amount in controversy—for three reasons.

First, the Seventh Circuit's rule comports well with Supreme Court precedent. It aligns with *Missouri State*. It also aligns with *Citizens for a Better Environment*, which established that speculative attorneys' fees are not in themselves an Article III case or controversy, and therefore irrelevant to establishing Article III jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. at 107.

Second, the Seventh Circuit's rule is consistent with District of Oregon cases. In *Reames v. AB Car Rental Services, Inc.*, 899 F. Supp. 2d 1012, 1016 (D. Or. 2012), Judge Marsh concluded that "including anticipated, but unaccrued attorney fees in calculating the amount in controversy is necessarily speculative." Judge Marsh reached that conclusion after adopting Magistrate Judge Papak's findings, which thoroughly reviewed the case law in this area. *Id.* at 1019–21. More recently, in *Sturdevant v. 24 Hour Fitness USA, Inc.*, 2017 WL 359175, *2 (D. Or. Jan. 23, 2017), Magistrate Judge Acosta acknowledged that "whether the court may consider unaccrued attorney fees as part of the amount in controversy . . . remains an open question in the Ninth Circuit." (parentheses, citations, and quotation marks omitted). Nevertheless, Judge Acosta declined to calculate potential attorneys' fees as part of the amount in controversy, ruling, "[t]he court concludes unaccrued attorney fees are not part of the amount in controversy. The

amount in controversy depends on the circumstances *at the time of removal* or filing." *Id.* at *3 (emphasis added) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Defendant cites *Beaver v. NPC Int'l, Inc.*, 451 F. Supp. 2d 1196, 1199 (D. Or. 2006), in which this Court included potential attorneys' fees in the amount in controversy. But *Beaver* did not consider the statutory and policy arguments against counting unaccrued attorney's fees in the amount in controversy. I find the reasoning in *Reames* and *Sturdevant* more convincing than that in *Beaver*. Moreover, I note that *Reames* and *Sturdevant* are more recent cases.

Last, the Seventh Circuit's rule is the best public policy. I am persuaded by the following reasoning from *Gardynski-Leschuck*: "[L]egal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount 'in controversy' when the suit is filed." *Gardynski-Leschuck*, 142 F.3d at 959. Indeed, a lawsuit may settle at any point during litigation, including promptly after removal to federal court. Attorneys' fees typically do not accrue post-settlement. Therefore, consideration of future attorneys' fees in the amount in controversy is potentially an artificial premise upon which to establish diversity jurisdiction. Removal to federal court should be based on more than mere speculation about future attorneys' fees. Because attorneys' fees incurred up to the time of removal are concrete and tangible, and any post-removal settlement would be reached taking them into account, their inclusion in the amount in controversy is entirely acceptable. But allowing potential attorneys' fees to be calculated in the amount in controversy risks opening the floodgates to increased litigation in federal courts under diversity jurisdiction, contrary to Congress's intent. *See Lynch v. Household Fin. Corp.*, 405 U.S. 538, 550 (1972) (citing legislative history for the proposition that the amount in controversy requirement is designed to "reduce the federal judiciary's workload with regard to cases rising under federal diversity

jurisdiction"). Additionally, considering future attorneys' fees tips the presumption towards, instead of against, removal—contrary to the standard set by *Provincial Gov't of Marinduque*. *Provincial Gov't of Marinduque*, 582 F.3d at 1087 ("The removal statute is strictly construed against removal jurisdiction.") (citing *Syngenta Crop Prot., Inc*, 537 U.S. at 32).

Here, plaintiffs assert damages of $55,032.38, plus "reasonable attorneys' fees[.]" Compl. ¶¶ 14, 19. Defendant removed the case to this Court on the grounds that plaintiffs' attorneys' fees will exceed $19,967.62, therefore meeting the $75,000 threshold to establish diversity jurisdiction. To come up with this figure, defendant surmised that one of plaintiffs' lawyers will charge $168 per hour, one will charge $225 per hour, and they will collectively bill 101.6 hours or more. Notice Removal, ¶ 11 (doc. 1). Defendant submitted a Declaration in Support of Defendant's Opposition to Plaintiff's Motion to Remand Case to State Court. Hawkes Decl. (doc. 10). In the Declaration, defendant bolsters its position by asserting that in a similar case, it "spent over a hundred hours preparing the summary judgment motion, reply, and oral argument" alone. *Id.* ¶ 4.

Defendant's argument fails for two reasons. First, because defendant previously spent over a hundred hours on a similar case does not mean that plaintiff will necessarily spend the same amount of time on this case. Second, and more important to this analysis, "including anticipated, but unaccrued attorney fees in calculating the amount in controversy is necessarily speculative[,]" and to do so "would be inappropriate[.]" *Reames*, 899 F. Supp. 2d at 1016, 1020. The accuracy of defendant's calculation of plaintiffs' anticipated attorneys' fees does not matter. The case may settle before those attorneys' fees accrue.

Only attorneys' fees incurred by the time of removal should be considered in calculating the amount in controversy. The consideration of future attorneys' fees in the amount in

controversy does not align with precedent from the Supreme Court and the District of Oregon, nor is it good public policy.

## CONCLUSION

For these reasons, plaintiff's motion to remand (doc. 8) is GRANTED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 8th day of August 2017.

*Ann Aiken*
Ann Aiken
United States District Judge